UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

| | |
|---|---|
| In Re: Joshua D. Webb<br>     Debtor | Bankruptcy Case No:15-31616-svk<br>Chapter 7<br>Honorable Susan V. Kelley |
| Joshua D. Webb,<br>     Plaintiff | |
| vs. | Adversary Case No: 16-02015-svk |
| National Collegiate Student Loan<br>Trust 2004-1, NCO Financial<br>Services/Transworld Systems, and<br>Kohn Law Firm,<br><br>     Defendants. | |

_____

### DEFENDANT, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1'S, ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY

**NOW COMES DEFENDANT,** National Collegiate Student Loan Trust 2004-1, (hereinafter, collectively, "NCSLT"), who responds to the Complaint filed by Plaintiff, Joshua D. Webb, as follows:

    1.    NCSLT admits plaintiff purports to bring this action for NCSLT's alleged collection of a student loan debt. Except as specifically admitted, NCSLT denies the allegations in ¶ 1.

    2.    NCSLT admits plaintiff purports to bring this action pursuant to 11 U.S.C. § 727(c), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e) and the Wisconsin Consumer Protection Act, Wisconsin Statutes § 100.18, § 425 and § 427, but denies any

1

liability, violations or wrongdoings under the law to the extent alleged in ¶ 2.

## Jurisdiction and Venue

3. NCSLT denies the allegations in ¶ 3.

4. NCSLT denies the allegations in ¶ 4 as calling for a legal conclusion.

5. NCSLT denies the allegations in ¶ 5.

## Parties

6. NCSLT denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7. NCSLT admits the allegations in ¶ 7.

8. NCSLT denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9. NCSLT denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

## Factual Allegations

10. NCSLT denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11. NCSLT denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein.

12. NCSLT denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. NCSLT denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14. NCSLT denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. NCSLT denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. NCSLT denies the allegations in ¶ 16.

17. NCSLT denies the allegations in ¶ 17.

18. NCSLT admits that two lawsuits were filed against plaintiff in the Kenosha County Circuit Court pertaining to the student loans. Except as specifically admitted, NCSLT denies the allegations in ¶ 18.

19. NCSLT's exhibits speaks for themselves and are the best evidence of its contents. To the extent that plaintiff states otherwise, NCLST denies the allegations in ¶ 19.

20. NCSLT denies the allegations in ¶ 20.

<b>FIRST CAUSE OF ACTION<br>11 U.S.C. § 727(b)</b>

21. NCSLT hereby reasserts the foregoing as if fully incorporated herein.

22. NCSLT denies the allegations in ¶ 22.

23. NCSLT denies the allegations in ¶ 23.

24. NCSLT denies that the loans are dischargeable as alleged in ¶ 24.

<b>SECOND CAUSE OF ACTION<br>15 U.S.C. § 1692(e)</b>

25. NCSLT hereby reasserts the foregoing as if fully incorporated herein.

26. NCSLT denies the allegations in ¶ 26.

27. NCSLT denies the allegations in ¶ 27.

28. NCSLT denies the allegations in ¶ 28.

## THIRD CAUSE OF ACTION
## WISCONSIN CONSUMER PROTECTION ACT § 425 and § 427

29. NCSLT hereby reasserts the foregoing as if fully incorporated herein.

30. NCSLT denies the allegations in ¶ 30.

31. NCSLT denies the allegations in ¶ 31.

32. NCSLT denies the allegations in ¶ 32.

33. NCSLT denies the allegations in ¶ 33.

## FOURTH CAUSE OF ACTION
## WISCONSIN STATUTE § 100.18

34. NCSLT hereby reasserts the foregoing as if fully incorporated herein.

35. NCSLT denies the allegations in ¶ 35.

36. NCSLT denies the allegations in ¶ 36.

37. NCSLT denies the allegations in ¶ 37.

38. NCSLT denies the allegations in ¶ 38.

## PRAYER FOR RELIEF

39. NCSLT denies that plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NCSLT avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his

damages or take other reasonable steps to avoid or reduce his damages.

### THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCSLT, or for whom NCSLT is not responsible or liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not eligible for student loan discharge because Plaintiff cannot set forth the elements required as a matter of law. *Goulet v. Educ. Credit Mgmt. Corp.,* 284 F.3d 773, 777 (7th Cir.2002) (following *Brunner v. New York State Higher Educ.*, 831 F.2d 395, 396 (2d Cir.1987).

WHEREFORE, Defendant, National Collegiate Student Loan Trust 2004-1, respectfully requests that this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's costs, pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCSLT, and for all other general and equitable relief.

Respectfully submitted,

/s/ Morgan I. Marcus_____

Morgan I. Marcus, Esq.
Sessions, Fishman, Nathan & Israel, LLC
120 South LaSalle Street, Suite 1960
Chicago, IL 60603-3561
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
Email: mmarcus@sessions.legal
Attorney for Defendant,
National Collegiate Student Loan Trust 2004-1

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2016, a true and correct copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Laurie A. Bigsby, Esq.
Horizons Law Group, LLC
611 N. Barker Rd., Suite 209
Brookfield, WI 53045

/s/ Morgan I. Marcus
Attorney for Defendant,
National Collegiate Student Loan Trust 2004-1